UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re: Chapter 7

Quintus L. Wright, Case Number 21-47740

Debtor. Hon. Mark A. Randon

_______________________________/

**MEMORANDUM OPINION: (1) GRANTING THE TRUSTEE'S MOTION TO APPROVE COMPROMISE; (2) DENYING MOTION FOR DISGORGEMENT; (3) DENYING MOTION FOR INVESTIGATION; AND (4) CANCELING STATUS CONFERENCE**

## I. INTRODUCTION

Quintus L. Wright filed Chapter 7 bankruptcy on September 28, 2021. The Chapter 7 Trustee filed an adversary proceeding against Debtor's ex-wife, Karen Wright, seeking to sell Debtor's interest in real property located in Craven County, North Carolina free and clear of Ms. Wright's ownership interest. At the conclusion of the trial, but before the Court's ruling, Ms. Wright rejected the Trustee's final offer to settle the matter for $31,000. The Court then found the Chapter 7 Trustee had failed to meet his burden of proof under 11 U.S.C. § 363(h); judgment was entered in favor of Ms. Wright.

Undeterred, the Trustee hired counsel to pursue a partition sale in North Carolina. The parties eventually settled the state-court partition action: Ms. Wright, who was represented by counsel, agreed to acquire the estate's interest in the property for $50,000. Before the Court is the Trustee's motion to approve this compromise. Ms. Wright signed the settlement agreement and tendered $50,000 to the Trustee, but now wishes to rescind the settlement, because she

believes the Trustee has acted in bad faith and solely to increase his fees and those of his counsel, Thomas Morris.

After reviewing the required factors and giving deference to the Trustee's judgment to compromise the claim, the Court **GRANTS** the motion finding the compromise is fair and equitable. Whether Ms. Wright can rescind a facially valid and binding settlement agreement is for the North Carolina court to decide.

## II. APPLICABLE LAW AND ANALYSIS

Bankruptcy Rule 9019(a) allows the Court to approve a compromise or settlement on the Trustee's motion and after notice a hearing. "[T]he overall question, underlying a court's approval of a Rule 9019(a) motion to compromise, concerns whether the agreement is both fair and equitable, and in the best interest of the estate." *In re Smithey*, No. 10-30310, 2011 WL 3102308, at *6 (Bankr. N.D. Ohio July 25, 2011). In making this determination, the Court weighs four factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views. *Id.* "[D]eference is accorded to the trustee's judgment to compromise a claim." *Id.*

The extent to which the Trustee will succeed in the partition action is uncertain. In addition, given the escalating administrative expenses, continuing to litigate the matter may result in a further reduced recovery to unsecured creditors who are interested in getting paid now. The Trustee indicated that the $50,000 would be disbursed as follows: (1) North Carolina counsel would receive $13,500; (2) the Trustee would seek court approval of fees in the amount

of $19,849.42; (3) the Trustee would receive a commission in the amount of $3,712.50; and (4) Debtor would receive his exemption of $8,000. Eight claims were filed in this case totaling $14,921.61. After deducting the expenses, unsecured creditors would receive $4,938.08, or approximately 32 percent of their allowed claims. The Court finds the factors weigh in favor of approving the compromise.

Having signed the settlement and tendered $50,000 to the Trustee, Ms. Wright seeks to rescind the agreement. She has also filed two motions to remove, disgorge fees from, sanction, and investigate the Trustee and his counsel. Ms. Wright claims the Trustee's purpose in pursuing the partition action was solely to increase fees and, thus, undertaken in bad faith. The Court disagrees.

On December 21, 2024, the Trustee made an unconditional $31,000 settlement offer to Ms. Wright on the record. (Dkt. No. 67, Case No. 23-04228 (recording)). Ms. Wright rejected the offer *after* the Court advised her that, should she do so and the Trustee fail to meet his burden under § 363(h), he would hire counsel in North Carolina and pursue a partition action there. Earlier in the negotiations, Ms. Wright had offered $23,000, which the Trustee rejected as insufficient, insisting the payments Ms. Wright claimed to have made directly to the Debtor's creditors were through checks the issuing credit union failed to honor—and the creditors never received. Ironically, to inflate the proposed dividend to unsecured creditors to 62 percent, the Trustee included Ms. Wright's $7,500 in creditor payments. Despite Attorney Tom Morris' attempt to mislead the Court in this way, the fact remains: Ms. Wright could have settled the matter for $19,000 less than she eventually paid and avoided the additional expense to herself and the estate of the state court partition litigation. The Court will closely examine Attorney

Morris' fee application under the *Village Apothecary* standard when filed and order a reduction, if appropriate. *In re Village Apothecary, Inc.*, 626 B.R. 893 (Bankr. E.D. Mich. 2021), *aff'd.*, 2021 WL 2102598 (E.D. Mich. May 25, 2021). However, because the Trustee's decision to pursue the partition action was neither in bad faith nor intended solely to increase administrative expenses, Ms. Wright's motions (Dkt. Nos. 50 and 55) are **DENIED**. Whether Ms. Wright can rescind the settlement agreement is a matter properly raised in the North Carolina court where the partition action is pending.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Trustee's motion and **CANCELS** the status conference set for May 5, 2025.

**IT IS ORDERED**.

**Signed on May 2, 2025**

**/s/ Mark A. Randon**

**Mark A. Randon**
**United States Bankruptcy Judge**